UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMERISURE MUTUAL INSURANCE
COMPANY,

      Plaintiff,

v.                    Case No: 2:18-cv-39-FtM-99CM

LUIS HUERTA YERO, YULIESKI
NUNEZ, RITA GREENBERG, as
Co-Personal Representative
of the Estate of Kathe Lynn
Ryan, deceased, and AMY DEL
ROSSO, as Co-Personal
Representative of the Estate
of Kathe Lynn Ryan,
deceased,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant Rita Greenberg
and Amy Del Rosso, as Co-Personal Representatives of the Estate of
Kathe Lynn Ryan's ("Estate") Motion to Dismiss Complaint for
Declaratory Relief (Doc. #52) filed on August 2, 2018. Plaintiff
Amerisure Mutual Insurance Company filed a Response in Opposition
(Doc. #54) on August 31, 2018, and plaintiff replied (Doc. #57).
For the reasons set forth below, the Motion granted.

**I.**

Plaintiff Amerisure Mutual Insurance Company brings this
action for declaratory relief seeking a judgment that independent
contractors involved in a motor vehicle accident while hauling

soil for its insured, Coastal Concrete Products, LLC, do not qualify as insureds under its policies with Coastal Concrete. Amerisure is currently proceeding on a one-count Amended Complaint (Doc. #46), alleging a state law claim brought pursuant to the Florida Declaratory Judgment Act, Fla. Stat. § 86.01 et seq. Federal jurisdiction is premised on diversity of citizenship. (Id., ¶ 7.) Amerisure seeks a declaration as to its rights and obligations in an underlying wrongful death action.

**A. The Underlying Action**

This dispute arises out of a motor vehicle accident that occurred on October 18, 2016, resulting in Kathe Ryan's death. The accident involved a dump truck owned by defendant Yulieski Nunez and driven by defendant Luis Huerta Yero, and a vehicle driven by Kathe Ryan. Prior to the accident, Coastal Concrete had hired Nunez to haul loads of soil pursuant to an "Owner Operator Independent Contract Statement," ("Statement"). The Statement, dated July 11, 2016, declares that Nunez was acting as an independent contractor and sole proprietor with no employees (Doc. #46-5). The Statement was on Coastal Concrete letterhead, but only Nunez signed the Statement. (Id.) Nunez in turn hired Yero to haul loads for Coastal Concrete, of which Coastal Concrete alleges it was unaware. At the time of the accident, it is alleged that Yero was an "employee, servant, agent, and/or apparent agent of Nunez." (Doc. #46, ¶ 16b.)

As a result of the accident, the Estate filed a lawsuit against Yero, Nunez, and Coastal Concrete in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, case no. 2017-CA-001876-0001 ("Underlying Action") (Doc. #46-1, underlying complaint). In the Underlying Action, the Estate alleges that Yero negligently operated the dump truck that was owned, maintained, used, and/or operated by Nunez, and at the time Yero was an employee, servant, agent, and/or apparent agent of Nunez and was acting within the course and scope of his employment. (Id., ¶ 7.) The Estate alleges that Nunez is vicariously liable for the negligence of Yero. (Id., ¶ 10.) The underlying complaint also alleges that Nunez and Yero were agents and/or apparent agents of Coastal Concrete pursuant to, upon information and belief, a contract entered into between Nunez and Coastal Concrete, which required Nunez and/or Yero to transport materials in the dump truck at the exclusive direction, instruction, and for the benefit of, Coastal Concrete. (Id., ¶ 12-13, 15.) The Estate also asserts that Coastal Concrete had the right to exercise substantial control over the actions of Nunez and Yero and is vicariously liable for their negligence. (Id., ¶¶ 14, 16.) Thus, the Estate alleges a claim for negligent retention and supervision against Coastal Concrete in Count IV of the Underlying Action.

**B. The Insurance Policies**

Following the filing of the Underlying Action, Coastal Concrete provided a notice of claim to Amerisure, and Amerisure is defending Coastal Concrete without a reservation of rights in the Underlying Action. Amerisure had issued to Coastal Concrete a Commercial Business Auto Policy (Doc. #46-2, "CA Policy"), a Commercial General Liability Policy (Doc. #46-3, "CGL Policy"), and an Umbrella Liability Policy (Doc. #46-4), all bearing Policy No. 20732680502, with effective dates of November 17, 2015 through November 17, 2016.

Pertinent here, the **CA Policy** (Doc. #46-2) reads:

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."
>
> . . .
>
> However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply.

**1. Who Is An Insured**

> The following are "insureds":
>
> a. You for any covered "auto".
>
> b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

    (1)    The owner or anyone else from whom you hire or borrow a covered "auto." This exception does not apply if the covered "auto" is a "trailer connected to a covered "auto" you own.

    (2)    Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

    (3)    Anyone other than your "employees," partners (if you are a partnership), members (if you are a limited liability company), or a lessee or borrower or any of their "employees," while moving proper to or from a "covered auto."

(Doc. #46, ¶ 25.) "**Employee**" is defined as "include[ing] a 'leased worker.' Employee does not include a 'temporary worker.'" (Doc. #46-2, Definitions, ¶ F.) "**Leased worker**" is defined as "a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. Leased worker does not include a temporary worker." (Id., ¶ I.) "**Temporary worker**" is defined as "a person who is furnished to you to substitute for a permanent 'employee' on leave or to meet seasonal or short-term workload conditions." (Id., ¶ O.)

    Plaintiff states that at all times Nunez was an independent contractor of Coastal Concrete, and Yero and Nunez were not employees of Coastal Concrete who lacked any right of control over Yero or Nunez. (Doc. #46, ¶¶ 26-27.) Therefore, Amerisure

alleges that Nunez and Yero should not be considered insureds under the terms of the CA Policy. (Id., ¶ 32.)

The **CGL Policy** (Doc. #46-3) contains an auto exclusion, which reads:

**2. Exclusions**

This insurance does not apply to:

. . .

**g. Aircraft, Auto or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading";

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

The CGL Policy defines "auto" in relevant part as:

**2. "Auto" means:**

a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

The **Umbrella Policy** (Doc. #46-4) also includes an auto exclusion, which reads in relevant part:

**2. Exclusions.**

This insurance does not apply to:
. . .
**f. Auto Coverages**

(1)  "Bodily injury" or "property damage" arising out of
the ownership, maintenance or use of any "auto"
which is not a "covered auto";

**"Covered auto"** means only those "autos" to which "underlying insurance" applied.  (<u>Id.</u>)

Amerisure alleges that the injuries alleged by the Estate in the Underlying Action arose out of the ownership, maintenance, use and/or entrustment to others of an "auto" which is not a "covered auto" because it was owned by Nunez, an independent contractor for Coastal Concrete, and was being operated by his driver, Yero. (Doc. #46, ¶ 37.)  Therefore, plaintiff asserts, even if Coastal Concrete were deemed to have operated the dump truck through Nunez or Yero, the auto exclusions under the CGL and Umbrella Policies would apply and Amerisure would have no duty to defend or indemnify Nunez (the independent contractor) or his driver (Yero) for the Estate's claims or damages.  (<u>Id.</u>, ¶ 38.)

**C. Declaratory Judgment**

As stated in the Amended Complaint, Amerisure seeks a declaration that:

a. Nunez was an independent contractor for Coastal and, because he was a sole proprietor and independent contractor, Coastal did not have any control over the mechanism or means by which Nunez hauled and transported the materials;

b. The independent contractor and his driver, Nunez and
      Yero, were not employed by Coastal and thus, are not
      insureds under the subject Policies; and

   c. Nunez and Yero are not afforded coverage under the
      Policies and, therefore, Amerisure Mutual has no duty
      to defend or indemnify Nunez or Yero for any claims
      arising from the subject motor vehicle accident.[1]

(Doc. #46, ¶ 44.)

## II.

The Estate moves to dismiss for failure to state a claim,
arguing that the facts for which Amerisure seeks a declaration go
to the heart of the Estate's agency claim in the Underlying Action,
i.e., whether Nunez and/or Yero were independent contractors and
the degree of control Coastal Concrete asserted over these
individuals. The Estate asserts that these are issues of fact
before the state court in the Underlying Action, which should be
decided by a jury, and are not proper for this Court to determine.
The Estate asserts in the Underlying Action that if an agency
relationship existed at the time of the crash, Coastal Concrete
would be liable for the damages sustained by the Estate. Coastal

---

[1] Amerisure is not providing a defense to Nunez or Yero, and
neither has requested that Amerisure provide them a defense in the
Underlying Action. Therefore, there is no controversy presented
to the Court that would provide a basis for it to declare whether
Amerisure has a duty to defend or indemnify Nunez or Yero in the
Underlying Action. See State, Dept. of Envtl. Protection v.
Garcia, 99 So. 3d 539, 544 (Fla. 3d DCA 2011) (There must be a
"bona fide dispute" between the parties to invoke Florida's
Declaratory Judgment Act.

Concrete, however, insists that Nunez was an independent contractor at the time of the crash. In sum, the Estate disputes that the federal court may engage in a fact-finding inquiry on the same facts before the state court in the parallel and ongoing Underlying Action. The Estate fears that any declaration in this Court could be inconsistent with the discovery of facts in the Underlying Action.

### III.

The Florida Declaratory Judgment Act is substantive law intended to be remedial in nature and is to be liberally administered and construed. Fla. Stat. § 86.101 ("This chapter is declared to be substantive and remedial.); Higgins v. State Farm Fire & Cas. Co., 894 So. 2d 5, 10-12 (Fla. 2004). Courts are authorized "to declare rights, status and other equitable or legal relations, whether or not further relief is or could be claimed," and "its declaration may be either affirmative or negative in form and effect ..." Fla. Stat. § 86.011. Courts "may render declaratory judgments on the existence or nonexistence: (1) of any immunity, power, privilege, or right; or (2) of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege or right now exists or will arise in the future." Fla. Stat. § 86.011.

A declaratory judgment action may be brought by "[a]ny person claiming to be interested or who may be in doubt about his or her rights under a ... contract ... or whose rights, status, or other equitable or legal relations are affected by a ... contract ..." in order to determine "any question of construction or validity arising under such ... contract...." Fla. Stat. § 86.021. "Any declaratory judgment rendered pursuant to this chapter may be rendered by way of anticipation with respect to any act not yet done or any event which has not yet happened, and in such case the judgment shall have the same binding effect with respect to that future act or event, and the rights or liability to arise therefrom, as if that act or event had already been done or had already happened before the judgment was rendered." Fla. Stat. § 86.051.

Here, plaintiff brings a state law claim pursuant to the Florida Declaratory Judgment Act, Fla. Stat. § 86.01 et seq.; federal jurisdiction is premised on diversity of citizenship. (Doc. #46, ¶¶ 1, 7.) Thus, Florida law governs and federal case law interpreting the federal Declaratory Judgment, 28 U.S.C. § 2201 et seq. is not applicable in this case. Erie R.R. v. Tompkins, 304 U.S. 64 (1938); Hartford Accident & Indem. Co. v. Beaver, 466 F.3d 1289, 1291 (11th Cir. 2006). Therefore, the Estate's reliance on federal case law (Doc. #52, pp. 2-4) is misplaced.

Under Florida law, whether to grant declaratory judgment "remains discretionary with the court, and not the right of a litigant as a matter of course." Garcia, 99 So. 3d at 546. "When the issue presented in a declaratory action is the subject of an earlier filed suit in which the plaintiff can secure full relief, the trial court should not consider the request for declaratory relief." Id. See also Knights Armament Co. v. Optical Systems Technology, Inc., 568 F. Supp. 2d 1369, 1374-75 (M.D. Fla. 2008) (finding that the court's discretion whether to sustain a claim under Florida's Declaratory Judgment Act "extends to cases where a direct action involving the same parties and the same issues has already been filed") (citing Palumbo v. Moore, 777 So. 2d 1177, 1178 (Fla. 5th DCA 2001) ("when dismissing a count in a complaint seeking declaratory judgment, the trial court's ruling is accorded great deference.") (citing Travelers Ins. Co. v. Emery, 579 So. 2d 798, 800 (Fla. 1st DCA 1991) (granting declaratory relief "remains discretionary with the court [.]") (citations omitted)); Higgins, 894 So. 2d at 17 (timing of direct and declaratory action within discretion of district judge)). In these case, Florida courts have recognized that if at the time the declaratory action is initiated a suit is already pending which involves the same issues and in which the plaintiff in a declaratory action may secure full, adequate, and complete relief, a declaratory action should not be permitted to stand. Garcia, 99 So. 3d at 546-47.

Amerisure asserts that the issues raised in the underlying negligence action are not the same as the central issue in this case - whether Nunez or Yero are insureds under the Policies by operation of hauling and transporting soil for Coastal Concrete as an independent contractor. (Doc. #54, p. 4.) However, in making such a determination, the Court would undoubtedly have to determine factual disputes that are presently pending before the state court; namely, the status of Nunez and Yero in relation to Coastal Concrete at the time of the accident. Amerisure has also not shown that it is unable to secure full, adequate, and complete relief in the still-pending Underlying Action as to these factual disputes.

Therefore, in its discretion as to whether to entertain a declaratory judgment action, the Court finds that the Underlying Action will decide the issues at stake in Amerisure's claim for declaratory judgment. Because the parties' rights will be decided by the Underlying Action, there is no need for this declaratory judgment action. Thus, the Court dismisses Amerisure's Florida Declaratory Judgment claim without leave to amend.[2]

---

[2] "[A] district court must grant a plaintiff at least one opportunity to amend [its] claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." Silva v. Bieluch, 351 F.3d 1045, 1048 (11th Cir. 2003). A district court need not grant such leave if an amendment would be futile. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.    Defendant's Motion to Dismiss (Doc. #32) is **GRANTED**. The Court, in the exercise of its discretion, **DISMISSES** this declaratory judgment action with prejudice.

2.    The Clerk shall enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE and ORDERED** at Fort Myers, Florida, this __11th__ day of October, 2018.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

Cir. 2007). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed." Id.

Here, Amerisure has already been afforded one opportunity to amend and a more carefully crafted complaint would still assert a claim under the Florida Declaratory Judgment Act, which would be subject to dismissal. Therefore, the Court finds that amendment would be futile.