UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMERISURE MUTUAL INSURANCE COMPANY,

    Plaintiff,

v.                                    Case No: 2:18-cv-39-FtM-29CM

LUIS HUERTA YERO, YULIESKI NUNEZ, RITA GREENBERG, as Co-Personal Representative of the Estate of Kathe Lynn Ryan, deceased, and AMY DEL ROSSO, as Co-Personal Representative of the Estate of Kathe Lynn Ryan, deceased,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Reconsideration of the Court's Order Dismissing Amended Complaint and/or Motion for Relief from Judgment (Doc. #61) filed on October 23, 2018. Defendants filed a Response in Opposition (Doc. #62) on November 6, 2018 and plaintiff replied (Doc. #66). For the reasons set forth below, the Motion for Reconsideration is granted in part and denied in part.

**I.**

Plaintiff Amerisure Mutual Insurance Company brought this action for declaratory relief, alleging one state-law claim for relief under the Florida Declaratory Judgment Act, Fla. Stat. §

86.01 et seq.  In the Amended Complaint, Amerisure sought a judgment that independent contractors involved in a motor vehicle accident while hauling soil for its insured, Coastal Concrete Products, LLC, do not qualify as insureds under its policies with Coastal Concrete.  (Doc. #46.)  Amerisure sought a declaration as to its rights and obligations in an underlying wrongful death action.

On October 11, 2018, the Court granted defendants' Motion to Dismiss and dismissed the Amended Complaint.  (Doc. #58.)  In its Opinion, the Court found that the underlying state court action will decide the issues at stake in Amerisure's claim for declaratory judgment.  Therefore, the Court exercised its discretion under Florida law and declined to entertain this declaratory judgment action and dismissed the Amended Complaint with prejudice.  (Id., pp. 10-11.)  On October 12, 2018, a Judgment (Doc. #60) was entered pursuant to the October 11, 2018 Opinion and Order, dismissing the action with prejudice. Plaintiff moves for reconsideration.

**II.**

Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment under specific circumstances:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable

> diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Whether to grant the requested relief is a matter for the district court's sound discretion. Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006). Rule 60(b)(6), known as the catch-all provision, requires a party to "demonstrate that the circumstances are sufficiently extraordinary to warrant relief." Aldana v. DelMonte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014) (internal citations omitted). To be entitled to relief under this provision, plaintiff must show that "absent such relief, an extreme and unexpected hardship will result." Crapp v. City of Miami Beach, 242 F.3d 1017, 1020, (11th Cir. 2001) (internal citations omitted).

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.,

902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow, 814 F. Supp. at 1073; PaineWebber, 902 F. Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." Taylor Woodrow, 814 F. Supp. at 1072–73.

A motion for reconsideration does not provide an opportunity to simply reargue — or argue for the first time — an issue the Court has once determined. "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. Sch. Bd. of Hillsborough Cnty., 149 F.R.D. 235, 235 (M.D. Fla. 1993).

### III.

Amerisure argues that reconsideration is warranted because the Court misunderstood its arguments and therefore reconsideration is warranted to correct clear error and prevent manifest injustice. (Doc. #61, p. 3; Doc. #66, p. 1.) Plaintiff argues that the Court mistakenly failed to apply the Florida Declaratory Judgment Act – rather than the federal Declaratory Judgment Act – in ruling on the Motion to Dismiss. Plaintiff asserts that an application of the Florida Declaratory Judgment

Act would obtain a different result than a dismissal without prejudice, particularly in light of the Florida Supreme Court case of Higgins v. State Farm Fire & Cas. Co., 894 So. 2d 5 (Fla. 2004). Plaintiff also argues that the Court's ordered clause referenced the incorrect document number and that dismissal should be without instead of with prejudice.

Upon review, as to Ameisure's clear error argument, reconsideration is not warranted. The Court considered Higgins in its decision (Doc. #58, pp. 9, 11) and has considered Higgins again and the other cited authorities to determine if reconsideration is warranted. Plaintiff has raised no argument that convinces the Court that is previous decision was clear error nor that its decision resulted in manifest injustice. Thus, no grounds have been shown to disturb the Court's exercise of discretion in this case.

However, Amerisure is correct that paragraph one of the Opinion's ordered clause incorrectly cited the wrong document number. (Doc. #58, ¶ 1.) The correct docket number is **#52**, not #32. The Court also agrees with Amerisure that the dismissal should have been without prejudice instead of with prejudice. Under Florida law, "[a] motion to dismiss a complaint for declaratory judgment is not a motion on the merits. Rather, it is a motion only to determine whether the plaintiff is entitled to a declaration of its rights, not to whether it is entitled to a

declaration in its favor." Romo v. Amedex Ins. Co., 930 So. 2d 643, 648 (Fla. 3d DCA 2006) (quoting Royal Selections, Inc. v. Fla. Dep't of Revenue, 687 So.2d 893, 894 (Fla. 4th DCA 1997); see also Smith v. City of Fort Myers, 898 So. 2d 1177, 1178 (Fla. 2d DCA 2005) ("In determining the sufficiency of a complaint for declaratory judgment, the question is whether the plaintiff is entitled to a declaration of rights, not whether the plaintiff will prevail in obtaining the decree he or she seeks.").

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Amended Complaint and/or Motion for Relief from Judgment (Doc. #61) is **GRANTED IN PART AND DENIED IN PART.** The Motion is **GRANTED** to the extent that paragraph one on the last page of the Opinion and Order (Doc. #58) is **amended** to read Doc. #52 instead of Doc. #32, and to read that the Court dismisses the declaratory judgment action without prejudice. The Clerk shall modify the entry at Document #58 to link to this Opinion and Order. Otherwise, the Motion is **DENIED** in all other respects.

2. The Clerk shall enter an amended judgment dismissing the case without prejudice.

**DONE and ORDERED** at Fort Myers, Florida, this __28th__ day of November, 2018.

/s/ John E. Steele
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record